937 F.2d 604
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jimmy Dale THOMAS, Defendant-Appellant.
 No. 91-5755.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 7, 1991.
Decided July 12, 1991.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Winston-Salem. Frank W. Bullock, Jr., District Judge. (CR-90-190-WS)
 Susan Hayes, Greensboro, N.C., for appellant.
 Robert H. Edmunds, Jr., United States Attorney, Benjamin H. White, Jr., Assistant United States Attorney, Greensboro, N.C., for appellee.
 M.D.N.C.
 AFFIRMED.
 Before DONALD RUSSELL, PHILLIPS and SPROUSE, Cirucit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Jimmy Dale Thomas appeals his conviction of possession of cocaine with intent to distribute, in violation of 21 U.S.C. Secs. 841(a)(1) and (b)(1)(A). We affirm.
 
 
 2
 Pursuant to a search warrant, officers entered a residence in Winston-Salem, North Carolina, on July 6, 1990. Thomas was seen walking towards the back exit of the house. A search of Thomas yielded crack cocaine stuffed in his socks and underwear and $1883 in cash.
 
 
 3
 After the return of the one-count indictment charging Thomas with possession with intent to distribute, plea negotiations began. During the negotiations, prosecutors learned that Thomas might have a prior felony conviction in Florida. Defense counsel was advised that it was the policy of the U.S. Attorney for the Middle District of North Carolina to file, upon verification of a previous drug conviction, an Information of Prior Conviction in accordance with 21 U.S.C. Sec. 851(a)(1). Further, the prosecutor advised defense counsel that if Thomas pled guilty prior to verification of the felony drug conviction, no such information would be filed.
 
 
 4
 Plea negotiations broke down. After the prosecutor received the data verifying the prior drug conviction, an Information of Prior Conviction was filed in this case. As a result of the filing, Taylor's mandatory minimum term of imprisonment, potential fine, and period of supervised release all doubled.
 
 
 5
 On appeal, Taylor's attorney essentially argues that the prosecutor's filing the information once plea negotiations broke down violated due process. The filing of more serious charges than those charged in an indictment upon a defendant's refusal to plead guilty to less serious charges has specifically been found not to violate due process. Bordenkircher v. Hayes, 434 U.S. 357, 364-65 (1978). This is essentially what happened in this case: Taylor was warned that if he did not plead guilty to the offense charged in the indictment, the Information of Prior Conviction would be filed. If convicted, the penalty would be greater than if the information had not been filed. There was no violation of due process in the prosecutor's actions.
 
 
 6
 As our review of the record and other materials before us reveals that it would not significantly aid the decisional process, we dispense with oral argument.
 
 
 7
 AFFIRMED.